UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                      126, 144, and 196

| | | | |
|---|---|---|---|
| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **Order GRANTING summary judgment to Associated, GRANTING summary judgment to Allied World, and DENYING as moot the TCA Defendants' motions to dismiss.**

Before the Court are three motions. The first two are Defendants/Counter-Claimants/Third-Party Counter-Defendants Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency's (collectively, the "TCAs" or the "TCA Defendants") motions to dismiss certain claims in Plaintiff/Counter Defendant Associated Industries Insurance Company's ("Associated") third amended complaint ("*TAC*") and Third-Party Defendant/Counter Claimant Allied World National Assurance Company's ("Allied World") third-party counterclaim. *See generally* Dkts. # 126 ("*MTD TAC*"), 196 ("*MTD Countercl.*"). The third is Associated's motion for partial summary judgment as to several causes of action in its *TAC*. *See generally* Dkt. # 144 ("*Summ. J. Mot.*"). The parties have opposed. *See generally* Dkts. # 159 ("*MTD TAC Opp.*"), 160 ("*Summ. J. Opp.*"), 217 ("*MTD Countercl. Opp.*"). Associated and the TCA Defendants have replied. *See generally* Dkts. # 176 ("*Summ. J. Reply*"), 182 ("*MTD TAC Reply*"), 221 ("*MTD Countercl. Reply*").

The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Associated's motion for partial summary judgment as to its first, third, and fifth causes of action, sua sponte **GRANTS** summary judgment to Allied as to its third cause of action, and **DENIES** the TCA Defendants' motions to dismiss.

| | | |
|---|---|---|
| CV-90 (10/08) | **CIVIL MINUTES - GENERAL** | Page 1 of 15 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

I.      Background

This action arises out of an insurance coverage dispute between Associated and Allied World, insurance companies, and their insured the TCA Defendants, transportation agencies for the State of California. And central to the dispute is the extent of Associated's and Allied Worlds's duty to defend and indemnify the TCA Defendants in a third-party action, *Borsuk, et al. v. Foothill/Eastern Transportation Corridor Agency, et al.*, Case No. 8:16-cv-00262 ODW (JCGx) (C.D. Cal. 2016) ("*In re Toll Roads*").

A.      Underlying Action

In October 2015, third parties brought a putative class action (the "*Borsuk* Action" or the "Underlying Action") in state court against the TCA Defendants, which was removed to this Court in February 2016, based on the TCAs' policies and practices as to toll and penalty collection and handling of personally identifiable information ("PII"). *See Associated's Statement of Uncontroverted Facts*, Dkt. # 144-2 ("*SUF*"), ¶¶ 3, 6; *see also In re Toll Roads*, Dkts. # 1, 594. Specifically, the operative consolidated class action complaint alleged in part "that starting in 2009, the TCAs improperly shared plaintiffs' PII to unauthorized third parties in order to collect tolls and penalties." *See SUF* ¶ 7.

Particularly relevant to this order, the *Borsuk* plaintiffs brought a cause of action pursuant to California Street and Highways Code § 31490 ("Section 31490"), which in part prohibits "a transportation agency [from] sell[ing] or otherwise provid[ing] to any other person or entity [PII] of any person" gathered by way of an electronic transit fare collection system. *See* Cal. Street and Highways Code ("SHC") § 31490 (a). Section 31490 further provides a private cause of action to those "whose [PII] has been knowingly sold or otherwise provided in violation of this section" and allows recovery of either actual damages or a minimum statutory amount per violation, whichever is greater. *Id.* § 31490(q)(1)–(2).

Shortly after the *Borsuk* Action was filed in state court, the TCA Defendants tendered the claim to Associated and Allied World, and both advised that they would defend the TCAs, subject to a reservation of rights. *See First Amended Counterclaim*, Dkt. # 186 ("*FACC*"), ¶¶ 13, 15, 17–18; *Third-Party Complaint*, Dkt. # 122 ("*Third-Party Compl.*"), ¶¶ 15–16. At this time, Associated and Allied have each allegedly provided defense costs to the TCAs of roughly $1.9 million. *See TAC* ¶ 124; *Answer to Third-Party Complaint and Amended Counterclaim*, Dkt. # 192 ("*Third-Party Countercl.*"), ¶ 64.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | | Date | February 13, 2023 |
|---|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | | |

The TCA Defendants defended the matter for roughly six years.  In October 2018, the *Borsuk* plaintiffs sought class certification, and the Court certified the *Borsuk* Class but as to the Section 31490 claims that arose between 2015 and 2016 only.  *SUF* ¶ 7.  Then, in August 2019, the parties executed a settlement agreement (the "*Borsuk* Settlement" or "Settlement") with a total settlement value of $164 million.  *See id.* ¶ 9.  Specifically, the *Borsuk* Settlement consisted of two parts: (1) a $29 million cash payment based on Section 31490's per violation statutory recovery and (2) forgiveness of outstanding penalties totaling $135 million—a total settlement value of $164 million.  *See id.*  The Court granted final approval of the Settlement on February 11, 2022.  *See id.* ¶ 10.  And relevant to the matter, the TCA Defendants settled the Underlying Action without any monetary contribution from its insurers.  *See id.* ¶ 65.

### B.     Procedural Background

In September 2018, while the *Borsuk* action was still pending, Associated filed this action against the TCA Defendants, seeking a declaration that it owes no duty to indemnify the TCAs for the Underlying Action under its policies.  *See* Dkt. # 1.  The matter was then stayed until the Court approved of the *Borsuk* Settlement.  *See* Dkts. # 111, 113; *see also In re Toll Roads Litig.*, Dkt. # 614.  In its operative complaint, Associated brings the following seventeen causes of action:

First Cause of Action:  Declaratory Judgment, No Duty to Indemnify Because the Underlying Action Did Not Seek "Ultimate Net Loss."  *See Third Amended Complaint*, Dkt. # 119 ¶¶ 37–41.

Second Cause of Action:  Declaratory Judgment, No Duty to Indemnify Because the Underlying Action Did Not Seek "Damages."  *See id.* ¶¶ 42–46.

Third Cause of Action:  Declaratory Judgment, No Duty to Indemnify for the $29 Million Settlement Payment Because It Does Not Constitute "Ultimate Net Loss." *See id.* ¶¶ 47–51.

Fourth Cause of Action:  Declaratory Judgment, No Duty to Indemnify for the $29 Million Settlement Payment Because It Does Not Constitute "Damages."  *See id.* ¶¶ 52–56.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

<u>Fifth Cause of Action</u>:  Declaratory Judgment, No Duty to Indemnify for Penalty Forgiveness Provided in the Settlement Because It Does Not Constitute "Ultimate Net Loss."  *See id.* ¶¶ 57–61.

<u>Sixth Cause of Action</u>:  Declaratory Judgment, No Duty to Indemnify for Penalty Forgiveness Provided in the Settlement Because It Does Not Constitute "Damages."  *See id.* ¶¶ 62–66.

<u>Seventh Cause of Action</u>:  Declaratory Judgement, the Underlying Action Does Not Fall Within the Insuring Agreement Applicable to Public Officials Errors and Omissions Because All Claims Were Premised Upon Intentional Conduct.  *See id.* ¶¶ 67–71.

<u>Eighth Cause of Action</u>:  Declaratory Judgment, Even if the Claims Asserted Constitute Public Officials Errors and Omissions, Exclusion P Precludes Coverage.  *See id.* ¶¶ 72–76.

<u>Ninth Cause of Action</u>:  Declaratory Judgment, Exclusion II Precludes Coverage.  *See id.* ¶¶ 77–82.

<u>Tenth Cause of Action</u>:  Declaratory Judgment, Exclusion T Precludes Coverage.  *See id.* ¶¶ 83–88.

<u>Eleventh Cause of Action</u>:  Declaratory Judgment, Associated Has No Duty to Indemnify Because the TCAs Breached the Condition to Coverage Imposed by the Cooperation Clause.  *See id.* ¶¶ 89–93.

<u>Twelfth Cause of Action</u>:  Declaratory Judgment, Associated Has No Duty to Indemnify Because the TCAs Breached the Condition to Coverage Imposed by the No Voluntary Payments Provision.  *See id.* ¶¶ 94–99.

<u>Thirteenth Cause of Action</u>:  Declaratory Judgement, Associated Has No Duty to Indemnify Under the 2011-2014 Associated Policies Because the Certified Privacy Class is Limited to Consumers Who Used the Toll Roads Starting on April 13, 2015.  *See id.* ¶¶ 100–106.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

Fourteenth Cause of Action:  Declaratory Judgement, Associated Has No Duty to Indemnify Under the 2016-2017 Associated Policy Because the Access or Disclosure of Confidential or Personal Information of Data-Related Liability Exclusion Precludes Coverage.  *See id.* ¶¶ 107–111.

Fifteenth Cause of Action:  Declaratory Judgement, Any Duty to Indemnify is Limited to A Single "Occurrence" Limit For All Insureds Under All Policies Issues to Each TCA.  *See id.* ¶¶ 112–116.

Sixteenth Cause of Action:  Declaratory Judgement, Exclusion CC Precludes Coverage.  *See id.* ¶¶ 117–122.

Seventeenth Cause of Action:  Reimbursement.  *See id.* ¶¶ 123–128.

TCAs subsequently filed a third-party complaint against Allied World and a counterclaim against Associated, seeking (1) declaratory relief as to Associated's and Allied Worlds's duty to defend the TCAs in the Underlying Action, (2) declaratory relief as to Associated's and Allied World's duty to indemnify the TCAs for the *Borsuk* Settlement, (3) damages for breach of the duty to defend, (4) damages for breach of the duty to indemnify, and (5) damages for breach of the implied covenant of good faith and fair dealing based on breaches of these duties.  *See generally FACC*; *Third-Party Compl.*

Allied answered the TCA Defendants' complaint and concurrently brought a third-party counterclaim that raises the following seven causes of action akin to those alleged in Associated's *TAC*:

First Cause of Action:  Declaratory Relief, No Duty to Indemnify as "Personal Injury" Liability Because "Occurrence" Exceeded Policy Period.  *See Third-Party Countercl.* ¶¶ 22–30.

Second Cause of Action:  Declaratory Relief, No Duty to Indemnify as "Public Officials Errors and Omissions" Liability Because "Occurrence" Exceeded Policy Period.  *See id.* ¶¶ 31–39.

Third Cause of Action:  Declaratory Relief, No Duty to Indemnify Because Settlement Does Not Constitute "Ultimate Net Loss."  *See id.* ¶¶ 40–45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

Fourth Cause of Action:  Declaratory Relief, No Duty to Indemnify Because Settlement Does Not Constitute "Damages."  *See id.* ¶¶ 46–51.

Fifth Cause of Action:  Declaratory Relief, The Class Action Settlement is Not Within the Scope of the "Public Officials Errors and Omissions" Coverage Because it does Not Involve a Negligent Act, Error, or Omission by the TCAs.  *See id.* ¶¶ 52–57.

Sixth Cause of Action:  Declaratory Relief, No Duty to Indemnify Penalty Forgiveness Provided by Class Action Settlement.  *See id.* ¶¶ 58–62.

Seventh Cause of Action:  Reimbursement of Costs of Defense. *See id.* ¶¶ 63–68.

The parties have since filed several motions currently before the Court.  The following motions, however, are the subject of this order: (1) the TCA Defendants' motion to dismiss the first six causes of action in Associated's *TAC*, *see MTD TAC*; (2) the TCA Defendants' motion to dismiss the first four causes of action in Allied World's third-party counterclaim, *see MTD Countercl.*; and (3) Associated's motion for partial summary judgment as to the first nine causes of action and the sixteenth cause of action in its *TAC*, *see Summ. J. Mot.*

II.     Preliminary Matters

As an initial matter, the Court considers Associated's and the TCA Defendants' requests for judicial notice, *see generally* Dkts. # 127, 145, 161, 180, 197, and the parties' evidentiary objections to evidence used in support of or in opposition to Associated's motion for partial summary judgment, *see generally* Dkts. # 162, 177.

A.      Requests for Judicial Notice

Associated and the TCAs respectively ask the Court to take judicial notice of court records, records and reports of a state administrative body, and legislative history of Section 31490.  *See generally* Dkts. # 127, 145, 161, 180, 197.  Undisputed matters of public record are properly subject to judicial notice.  *See* Fed. R. Evid. 201(b); *see also Alaska v. Am. Can Co.*, 358 U.S. 224, 226–27 (1959) (judicial notice of legislative history

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

allowed when interpreting a statute); *United States v. Black*, 482 F.3d 1035,1041 (9th Cir. 2007) (judicial notice of court filings allowed); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (judicial notice of reports of state administrative bodies permitted). The Court **GRANTS** the requests for judicial notice. The Court, however, does not take judicial notice of the disputed matters contained in these Exhibits, including disputed facts within a pleading. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

### B.  Evidentiary Objections

The parties also raise several evidentiary objections. *See generally* Dkts. # 162, 177. To the extent the Court relies on objected-to evidence, it relies on only admissible evidence and, therefore **OVERRULES** the objections. *See Godinez v. Alta-Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016). But the Court **GRANTS** the objections to the extent that Associated improperly relies on disputed factual matter in a pleading or counsel's arguments and objections to support an undisputed fact. *See Barcamerica In'tl USA Tr. V. Tyfield Imps., Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[T]he arguments and statement of counsel are not evidence[.]" (citation omitted) (cleaned up)).

### III.  Legal Standard

### A.  Motion to Dismiss

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.    <u>Motion for Summary Judgment</u>

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

IV.    <u>Discussion</u>

The 14 causes of action implicated by the three motions currently before the Court boil down to one legal issue: whether the *Borsuk* Settlement for Section 31490 claims is covered under Associated's and Allied World's policies, such that Associated and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

Allied World are under a duty to indemnify the TCA Defendants for the Underlying Action.

    A.    <u>Duty to Indemnify</u>

"An insurance policy is, fundamentally, a contract between the insurer and the insured" where, in exchange for the insured's premiums, the insurer assumes obligations that protect the insured against the risk of loss. *See Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg*, 377 F. Supp. 3d 1134, 1142 (S.D. Cal. 2019) (citations omitted). One of these obligations is the duty to indemnify claims that are covered by the policy. *See Fluor Corp. v. Superior Ct.*, 61 Cal. 4th 1175, 1220 (2015). But "the precise contours of an insurer's duties to . . . indemnify ultimately depend upon the specific text of the parties' policy." *See Harper Constr.*, 377 F. Supp. 3d at 1142.

The interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). Under California law, the insured bears the burden of demonstrating that a claim is within the scope of coverage under the policies, while the insurer bears the burden of demonstrating an exclusion applies. *See Aydin Corp. v. First State Ins. Co.*, 18 Cal. 4th 1183, 1188 (1998); *Waller*, 11 Cal. 4th at 16.

The TCA Defendants have failed to meet their initial burden of demonstrating that the *Borsuk* Settlement is within the scope of coverage under the policies. Specifically, the Settlement of Section 31490 claims is not encompassed in Associated's and Allied World's definitions of "Ultimate Net Loss." *See Summ. J. Mot.* 8:17–17:8; *MTD Countercl. Opp.* 14:1–22:12. And because this issue is ultimately dispositive, the Court need not address the parties' other arguments.

    B.    <u>Section 31490 of the California Streets and Highways Code</u>

Resolution of whether Associated and Allied World owe a duty to indemnify the TCAs for the *Borsuk* Settlement is inextricably intertwined with whether Section 31490's statutory recovery constitutes damages or penalties. The distinction is critical here because Associated and Allied World have identical definitions of "Ultimate Net Loss" that preclude coverage of statutory penalties. *See Declaration of Lowell Aptman*, Dkt. # 144, ¶¶ 2–3, Exs. 1–12, VII.AA ("*Associated Policies*"); *Third Party Complaint*, Dkt. # 122, ¶ 6, Exs. A–D, VII.AA ("*Allied World Policies*"). "Ultimate Net Loss" is defined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

under both insurers' policies as "the sums by which the 'Insured' is legally liable to pay as 'Damages' by reason of a judgment or settlement . . . . However, [it] shall not include civil or criminal fines or penalties imposed by law." *See Associated Policies* VII.AA; *Allied Policies* VII.AA. Because all the parties adopt a similar interpretation of "Ultimate Net Loss," the Court's task is only one of statutory interpretation.

Whether Section 31490 provides for statutory damages or a penalty under California law therefore hinges on the Court's interpretation of "the object to be achieved and the evil to be prevented" by Section 31490. *See Raines v. Coastal Pacific Food Distribs.*, 23 Cal. App. 5th 667, 675 (2018). Damages and penalties serve different objectives. *See Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 86 (2020) (citation omitted). Specifically, damages seek to compensate an individual for losses actually incurred to make one whole. *See id.* But penalties, on the other hand, are "recover[ed] against a wrong-doer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained." *Prudential Home Mtg. Co. v. Superior Ct.*, 66 Cal. App. 4th 1236, 1242 (1998) (quoting *Cnty. of L.A. v. Ballerino*, 99 Cal. 593, 596 (1893)).

Confusion arises as California courts, at times, use the terms "damages" and "penalties" interchangeably when describing a statutorily set amount of compensation. *See, e.g.*, *Lopez v. Friant & Assoc., LLC*, 15 Cal. App. 5th 773, 780–81 ("Section 226(e) states an employee is entitled to recover 'actual damages' or a 'penalty' . . . . [S]ection 226(e) authorizes a private right of action for statutory damages[.]"). In cases where "the monetary value of harm . . . can be difficult to ascertain," California permits its "Legislature [to] select a set amount of compensation without converting the remedy into a penalty." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1112 (2007). And for ease, the Court refers to this kind of remedy as "statutory damages." But "'a long line of California cases' [have held] that . . . statutes providing for 'recovery of statutory damages calculated without reference to actual harm' are, in fact, penal provisions." *See Health Net, Inc. v. RLI Ins. Co.*, 206 Cal. App. 4th 232, 256 n.31 (2012) (quoting *Prudential*, 66 Cal. App. 4th at 1245). Specifically, allowing recovery beyond actual losses suggests that statutory compliance—i.e., the "shaping [of one's] conduct" and deterrence—is the primary objective. *See Murphy*, 40 Cal. 4th at 1109; *see also Prudential*, 66 Cal. App. 4th at 1242–43. For clarity, the Court will refer to recovery in this instance as "statutory penalties."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | | Date | February 13, 2023 |
|---|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | | |

In accordance with California law, the Court begins its analysis with Section 31490's text. *See Murphy*, 40 Cal. 4th at 1103. Section 31490 provides:

> In addition to any other remedies provided by law, a person whose personally identifiable information has been knowingly sold or otherwise provided in violation of this section may bring an action to ***recover either actual damages or two thousand five hundred dollars ($2,500) for each individual violation, whichever is greater***, and may also recover reasonable costs and attorney's fees. . . [And a] person whose personally identifiable information has been knowingly sold or otherwise provided three or more times in violation of this section may bring an action to ***recover either actual damages or four thousand dollars ($4,000) for each individual violation, whichever is greater***, and may also recover reasonable costs and attorney's fees.

SHC § 31490(q)(1)–(2) (emphasis added).

The TCA Defendants contend that Section 31490's primary purpose is to compensate individuals for a private harm. In part, TCAs rely on the test advanced by the Ninth Circuit in *Stone v. Travelers Corp.*, 58 F.3d 434 (9th Cir. 1995), for the position that a penalty is one that redresses a "wrong to the public." *See MTD TAC* 16:3–26 (citing 58 F.3d at 438); *see also MTD Countercl.* 20:4–28 (citing 58 F.3d at 438). But their reliance is misguided. Not only have California courts rejected the *Stone* Court's holding as "puzzling," *see, e.g.*, *Prudential*, 66 Cal. App. 4th at 1245, the *Stone* court clarified that the test is not "ironclad" as "there must be some recoveries payable to an individual that still qualify as penalties." *See* 58 F.3d at 439. But even looking beyond this, the TCA Defendants' textual arguments are unpersuasive.

Specifically, Section 31490's text, the per violation recovery, and graduated statutory increase are indicia of a penalty. California courts consistently maintain that a statute is penal in nature when it allows recovery beyond "what is necessary to compensate [a plaintiff] for legal damage." *See Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 386 (2004); *Prudential*, 66 Cal. App. 4th at 1242; *see also Summ. J. Mot.* 12:6–16:2 (collecting case law). TCAs find it significant that Section 31490's per-violation recovery serves as an *alternative*—rather than *in addition*—to actual damages. *See Summ. J. Opp.* 11:22–24; *MTD TAC* 14:7–23. The Court however does not because Section 31490 mandates recovery of "whichever is greater" of the two, *see* SHC § 31490, and therefore more than what is necessary to make one whole. *See Goehring*, 121 Cal. App. 4th at 386. Further, the graduated penalty increase from $2,500 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | | Date | February 13, 2023 |
|---|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | | |

$4,000 per violation lacks an apparent nexus to actual or probable losses incurred.  *Cf. Prudential*, 66 Cal. App. 4th at 1242.  Practically speaking, the Court strains to see how two statutory violations would subject an individual to estimated damages of $5,000, but three would render losses of roughly $12,000—a $7,000 difference.  *See* SHC § 31490(q)(1)–(2).  Rather, the disparity here suggests deterrence is the driving justification.

While Section 31490 may serve some compensatory function to the extent it allows for recovery of actual damages, compensation is secondary when considering Section 31490's text "in the context of the statutory framework as a whole."  *See Lopez*, 15 Cal. App. 5th at 780; *cf. Murphy*, 40 Cal. 4th at 1109 (recognizing that damages may serve a "secondary function" of deterrence, but their "central purpose" is compensatory).  Specifically, Division 17 of the California Streets and Highways Code, where Section 31490 is housed, directly targets the conduct of toll facilities.  SHC §§3000 et seq.  Section 31490 thus arises in the context of a Division that is aimed at "behavior-shaping," which further supports its penal nature.  *See Murphy*, 40 Cal. 4th at 1109.

Legislative history also confirms the Court's interpretation.  Associated and Allied World each demonstrate in their papers how the California Legislature consistently referred to the imposition of "penalties" on toll collection agencies when debating, amending, and passing the bill that became Section 31490.  *See MTD TAC Opp.* 8–9; *MTD Countercl. Opp.* 15; *see also* Dkt. # 180, Exs. 28–37.  Most persuasive, the Senate Judiciary Committee's Report on the bill explained that its decision to include a "graduated penalty structure" was based on "encourag[ing] compliance and provid[ing] deterrent to violations" due to the "significant personal information" transportation agencies hold.  *See id.*, Ex. 28.  The legislative intent along with the text therefore belie the TCA Defendants' argument that Section 31490 is for damages only.

Finally, case law interpreting the California Labor Code is instructive.  For example, Labor Code Section 226(e) structurally mimics Section 31490 as it allows for recovery of "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period."  Cal. Lab. Code § 226(e).  And California courts have reached a similar conclusion as the one the Court reaches here that the statute provides for actual damages *or* statutory penalties.  *See, e.g.*, *Lopez*, 15 Cal. App. 5th at 780–81.  And for purposes of the statute of limitations, this Court held that Section 226(e) could be parsed out depending on which remedy was sought.  *See Feao v. UFP Riverside, LLC*, CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *7 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | Date | February 13, 2023 |
|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | |

2017) (allowing plaintiff's claim for damages to continue but finding the claims for statutory penalties time-barred).

The Court is therefore persuaded that Section 31490 provides for recovery of actual damages *or* statutory penalties. And because the *Borsuk* Class sought only statutory penalties under Section 31490, *see SUF* ¶ 8; the *Borsuk* Settlement was a settlement of penalties and excluded from the policies' definitions of "Ultimate Net Loss." Associated and Allied World therefore do not owe a duty to indemnify the TCA Defendants for the *Borsuk* Settlement. As such, the Court **GRANTS** summary judgment to Associated as to its first, third, and fifth causes of action in its *TAC*, which seek declaratory relief of no duty to indemnify because the Settlement and its components do not constitute "Ultimate Net Loss."

C.       Discretionary Jurisdiction over Remaining Declaratory Relief Claims

The Court now considers whether it should entertain the remaining declaratory relief claims in Associated's *TAC*—i.e., Claims Two, Four, and Six through Sixteen.

A litigant does not have an absolute right to a legal determination as to claims brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985). Instead, a "district court has discretion to determine whether maintaining jurisdiction over the declaratory action would be appropriate." *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011). And in making such a determination, the district court considers several factors, including whether relief would "involve the needless determination of state law issues" or "serve a useful purpose in clarifying the legal relations at issue." *See id.* at 1107–1108.

The remaining declaratory relief claims all relate to the scope of Associated's duty to indemnify the TCAs based on different policy provisions and exclusion. *See generally TAC*. Because the Court has ruled that the *Borsuk* Settlement does not constitute "Ultimate Net Loss" under Associated's policies, resolution of the remaining claims is unnecessary. First, it will not serve any useful purpose in clarifying Associated's indemnification duties. And second, the Court would have to make needless determinations of insurance coverage and contract interpretation, which are state law issues. *See U-Haul Intern. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. CV 10-1047 SMM (PHx), 2011 WL 4104880, at \*4 (D. Ariz. Sept. 15, 2011) (noting that where a plaintiff's action relates to the determination of insurance coverage and contractual interpretation, this weighs in favor of declining discretionary jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | | Date | February 13, 2023 |
|---|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | | |

The Court thus exercises its discretion and declines jurisdiction over the remaining claims in the *TAC*, except for Associated's seventeenth cause of action for reimbursement.  As such, the Court **DENIES** the TCAs' motion to dismiss Associated's *TAC* as moot.

> D.       Rule 56(f)

Having already addressed the legal issue that the *Borsuk* Settlement was for penalties under Section 31490, Allied World, despite having not moved for it, is entitled to judgment as a matter of law as to its third cause of action.  Specifically, Allied World's third cause of action seeks declaratory relief of no duty to indemnify because the *Borsuk* Settlement does not constitute "Ultimate Net Loss."  *See Third-Party Countercl.* ¶¶ 40–45.

Federal Rule of Civil Procedure 56(f) allows the Court, "[a]fter giving the parties notice and a reasonable time to respond, [to] consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."  And the Ninth Circuit has held "[s]*ua sponte* grants of summary judgment . . . appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue."  *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).

Here, the TCAs had notice and "every opportunity to explore and expound the [Section 31490] issue[]" in their opposition to Associated's motion for partial summary judgment.  *See Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982).  Because Allied World's right to judgment turns on the same issue as Associated's, and the material facts necessary for judgment are undisputed,[1] there is "no reason to delay the entry of judgment for" Allied World.  *See Chrysler Credit Corp. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (granting summary judgment sua sponte to a non-moving cross-claimant after granting plaintiff's motion for summary judgment); *see also Barrett v. Netherlain*, No. SACV 12-193 PSG (FFMx), 2013 WL 5408538, at *12 (C.D. Cal. 2013) (citing *Chrysler* to support a sua sponte grant of summary judgment to a claim brought against a non-moving co-defendant).  The Court thus **GRANTS** summary judgment to Allied World as to its third cause of action and, for the reasons stated above,

---

[1] The undisputed material fact that entitles Allied World to the entry of judgment is its policies' definition of "Ultimate Net Loss," and the policies have been incorporated by both the TCAs and Allied World into the third-party complaint and amended counterclaim.  *See Third-Party Compl.* ¶¶ 6–7, Exs. A–D (Allied Worlds' Insurance Policies); *Third-Party Countercl.* ¶¶ 15–18, Exs. A–D (same).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1776 PSG (JDEx) | | Date | February 13, 2023 |
|---|---|---|---|---|
| Title | Associated Industries Insurance Company v. San Joaquin Hills Transportation Corridor Agency, et al. | | | |

declines jurisdiction over the remaining claims for declaratory relief—i.e., Claims One, Two, and Four through Six.  As such, the TCAs' motion to dismiss Allied World's amended third-party counterclaim is **DENIED** as moot.

V.      Conclusion

For the foregoing reasons, the Court **GRANTS** summary judgment to Associated as to its first, third, and fifth causes of action for declaratory judgment of no duty to indemnify because the Settlement—the $29 million cash payment and the penalty forgiveness—does not constitute "Ultimate Net Loss" and dismisses Associated's remaining claims for declaratory relief.  The Court also **GRANTS** summary judgment to Allied World as to its third cause of action for declaratory judgment of no duty to indemnify because the Settlement does not constitute "Ultimate Net Loss" and dismisses Allied World's remaining claims for declaratory relief. Finally, the Court **DENIES** as moot the TCA Defendants' motions to dismiss.

Only Associated's seventeenth cause of action for reimbursement and Allied World's seventh cause of action for reimbursement remain in the *TAC* and amended third-party counterclaim.

      **IT IS HEREBY ORDERED**.

15