NOSSAMAN LLP
E. George Joseph (SBN 110797)
gjoseph@nossaman.com
Carl L. Blumenstein (SBN 124158)
cblumenstein@nossaman.com
Benjamin Z. Rubin (SBN 249630)
brubin@nossaman.com
Aalia Menes (SBN 317787)
amenes@nossaman.com
50 California Street, 34th Floor
San Francisco, California 94111
Telephone: 415-398-3600
Facsimile: 415-398-2438

RUTAN & TUCKER, LLP
Lisa N. Neal (State Bar No. 205465)
lneal@rutan.com
Gerard M. Mooney (State Bar No. 222137)
gmooney@rutan.com
Allina M. Amuchie (State Bar No. 293460)
aamuchie@rutan.com
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants, Third-Party Plaintiffs, Counter-Plaintiffs and Counter Defendants FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ASSOCIATED INDUSTRIES INSURANCE COMPANY,

Plaintiff,

vs.

FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY, DAVID COULTER (individually and as representative of a certified class of persons) and JAMES WATKINS (individually and as representative of a certified class of persons).

Defendants.

Case No. 8:18-cv-01776 PSG (JDEx)

Honorable Philip S. Gutierrez

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; DECLARATION OF GERARD M. MOONEY IN SUPPORT THEREOF**

Date: March 31, 2023
Time: 1:30 p.m.
Courtroom: 6A

Date Action Filed: September 28, 2018

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 6A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, pursuant to Fed. R. Civ. P. 59(e) and 60(b) and Local Rule 7-18, defendants, third-party plaintiffs, counter-plaintiffs and counter-defendants Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency (collectively, the "TCA") will and hereby do move this Court for reconsideration of the Court's Order entered on February 13, 2023 (Dkt. No. 259), which order granted partial summary judgment to plaintiff and counter-defendant Associated Industries Insurance Company ("Associated") and third-party defendant and counter-claimant Allied World National Assurance Company ("Allied"), and denied TCA's Motions to Dismiss Associated's Third Amended Complaint (Dkt. No. 119) and Allied World's Third-Party Counter Claim (Dkt. No. 173).

The Motion will be based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Gerard M. Mooney ("Mooney Decl."); the pleadings, papers and records on file with the Court; and such other and further argument and evidence, oral or documentary, as may be presented to the Court prior to or at the time of any hearing on this Motion.

In accordance with Local Rule 7-3, counsel for TCA met and conferred with Associated's and Allied World's counsel before bringing this Motion. (Declaration

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

of Gerard M. Mooney, ¶¶ 2-3.) Counsel for both Associated and Allied World advised that their respective clients would oppose the Motion.

DATED: February 27, 2023     NOSSAMAN, LLP

By: */s/ Carl L. Blumenstein*
CARL L. BLUMENSTEIN, ESQ.
AALIA T. MENES, ESQ.

DATED: February 27, 2023     RUTAN & TUCKER, LLP

By: */s/ Gerard M. Mooney*
LISA N. NEAL, ESQ.
GERARD M. MOONEY, ESQ.

Attorneys for Defendants, Third-Party Plaintiffs, Counter-Plaintiffs and Counter Defendants FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY

Rutan & Tucker, LLP
attorneys at law

2998/037475-0001
18840705.3 a02/27/23

-3-

Case No. 8:18-cv-01776
DEFENDANTS' MOTION FOR RECONSIDERATION

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. STATEMENT OF RELEVANT FACTS .......... 2

III. MEMORANDUM OF POINTS AND AUTHORITIES .......... 3

IV. CONCLUSION .......... 8

Rutan & Tucker, LLP
attorneys at law

2998/037475-0001
18840705.3 a02/27/23

-i-

Case No. 8:18-cv-01776
DEFENDANTS' MOTION FOR RECONSIDERATION

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Del Amo v. Baccash*,
No. CV 07-663-PSG, 2008 WL 4414514, *6 (C.D. Cal. Sept. 16, 2008) .......... 7

*Gravquick A/S v. Trimble Navigation Int'l Ltd.*,
323 F.3d 1219, 1222 (9th Cir. 2003) .......... 6

*J2 Global Communications, Inc. v. Protus IP Solutions*,
No. CV 06-00566 DDP, 2008 WL 11335051 (C.D. Cal. Jan. 14, 2008) .......... 7

**STATE CASES**

*Kaufman v. ACS Systems, Inc.*,
110 Cal. App. 4th 886 (2003) .......... 7

*Limon v. Circle K Stores Inc.*,
84 Cal. App. 5th 671 (2022), review denied (Jan. 25, 2023) .......... 1, 4, 5, 6, 7

*Miller v. Collectors Universe, Inc.*,
159 Cal. App. 4th 988 (2008) .......... 6, 7

**FEDERAL STATUTES**

15 U.S.C.
section 1681n(a) .......... 5
section 1681n(a)(1) .......... 5

**STATE STATUTES**

California Civil Code
section 3344(a) .......... 7

California Streets and Highway Code
section 31490 .......... 1, 2, 3, 4, 6, 7
section 31490(1) .......... 5
section 31490(q) .......... 6

**Page(s)**

**RULES**

Federal Rules of Civil Procedure
rule 59(b) .................... 3
rule 59(e).................... 1, 3, 4
rule 60(b) .................... 1, 3, 4
rule 60(b)(1).................... 1, 4
rule 60(b)(6).................... 1, 4

Local Rule
rule 7-18.................... 1, 3, 4

**NON-PERIODICAL PUBLICATIONS**

Phillips & Stevenson, RUTTER GROUP. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, Ch. 12-E, ¶ 12:160-160.1 (The Rutter Group. rev. ed. Apr. 2022).................... 3

Rutan & Tucker, LLP
attorneys at law

2998/037475-0001
18840705.3 a02/27/23

-iii-

Case No. 8:18-cv-01776
DEFENDANTS' MOTION FOR RECONSIDERATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Local Rule 7-18 provides, in relevant part, that "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered . . . ." Local Rule 7-18.

Here, the Court's February 13, 2023 Order (Dkt. No. 259) found that the provision of section 31490 of the California Streets and Highways Code ("Section 31490") providing for an award of "either actual damages or two thousand five hundred dollars ($2,500) for each individual violation, whichever is greater," constitutes a "penalty," not damages. (Dkt. No. 259 at 11-12 [emphasis added].) The Court found this language – "whichever is greater" – necessarily means an award may be more than what is necessary to make the claimant whole, such that the award is a penalty, not damages. (*See* Dkt. No. 259 at 11-12.)

TCA moves under both Fed. R. Civ. P. 59(e) and 60(b) – and specifically 60(b)(1) and (b)(6) – to respectfully request that the Court reconsider its Order based on the recent decision of the California Court of Appeal in *Limon v. Circle K Stores Inc.*, 84 Cal. App. 5th 671 (2022), review denied (Jan. 25, 2023) ("*Limon*"). In *Limon*, the California Court of Appeal construed nearly identical statutory language as providing for statutory damages, and not a penalty. Were this Court to construe Section 31490 as the *Limon* court construed the statute before it, denial of partial summary judgment to plaintiff and counter-defendant Associated Industries Insurance Company ("Associated") and third-party defendant and counter-claimant Allied World National Assurance Company ("Allied World") on this issue would be

/ / /

required, as the subject insurance policies would be construed to provide for the indemnity sought by TCA.

## II. **STATEMENT OF RELEVANT FACTS**

On May 16, 2022, TCA filed its Motion to Dismiss Associated's Third Amended Complaint. (Dkt. No. 126.) Associated filed its Opposition on July 25, 2022. (Dkt. No. 159.) TCA filed its Reply on August 15, 2022. (Dkt. No. 182.)

On May 27, 2022, Associated filed its Motion for Partial Summary Judgment. (Dkt. No 144). TCA filed its Opposition on July 15, 2022. (Dkt. No 160.) Associated filed its Reply on August 15, 2022. (Dkt. No. 176.)

On September 16, 2022, TCA filed its Motion to Dismiss Allied World's Third-Party Counterclaim. (Dkt. No. 196.) Allied World filed its Opposition on October 10, 2022. (Dkt. No. 217.) TCA filed its Reply on October 14, 2022. (Dkt. No. 221.)

On February 1, 2023, the Court took the scheduled motions under submission for decision without oral argument. (Dkt. No. 253.)

On February 13, 2023, the Court granted Associated's Motion for Partial Summary Judgment in part, *sua sponte* granted Partial Summary Judgment to Allied World, and denied TCA's Motions to Dismiss as "Moot." (Dkt. No. 259 ("Order").)

The Court found that Associated and Allied World owed no duties to indemnify TCA for the underlying *Borsuk* Action, based upon the Court's determination that the "statutory damages" provision of Section 31490 provides for the imposition of "penalties," not an award of damages, and that such penalties are not covered by the insurance policies Associated and Allied World sold to TCA. (*See* Dkt. No. 259 at 9-10.)

More specifically, the Court's Order focused on the determination that Section 31490's language entitling a successful claimant to "either actual damages or two thousand five hundred dollars ($2,500) for each individual violation, <u>whichever is greater</u>" necessarily awards the claimant more than what is necessary

to make the claimant whole, thereby making the award a penalty, not damages. (*See* Dkt. 259 at 11-12 (emphasis added).) This line of reasoning regarding the "whichever is greater" language of Section 31490 was not one advanced or addressed by the parties. (*See* Dkts. No. 126, 159, 160, 176, 182, 196, 217, 221.) TCA are aware of no court that has used this reasoning to determine that a remedy is a "penalty," rather than statutory damages. Instead, the Court raised this point for the first time in its Order.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

Because the Federal Rules of Civil Procedure "do not expressly provide for motions for reconsideration, a motion seeking such relief is often brought under FRCP 59(e) or 60(b) . . . . The moving party should indicate which Federal Rule governs the motion; however, that designation is not controlling and the court may construe the motion based on the relief requested." Phillips & Stevenson, RUTTER GROUP. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, Ch. 12-E, ¶ 12:160-160.1 (The Rutter Group. rev. ed. Apr. 2022) (internal citations omitted).

Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Local Rule 7-18 states that "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference

in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Furthermore, Local Rule 7-18 states that a motion for reconsideration should be made no later than 14 days after entry of the order that is the subject of the motion, absent a showing of good cause for a later-filed motion. *Ibid.*

Here, TCA moves under both Fed. R. Civ. P. 59(e) and 60(b) – specifically 60(b)(1) and (b)(6) – requesting that the Court reconsider its Order based on the recent California Court of Appeal Opinion in *Limon*, *supra*, 84 Cal. App. 5th 671. TCA had no reason to raise the *Limon* case earlier, because no party raised the statutory "whichever is greater" language at issue in *Limon*, upon which the Court substantially based its Order. Moreover, the *Limon* decision was filed on October 25, 2022, and did not become final until the California Supreme Court denied review on January 25, 2023, well after all the pertinent motions were fully briefed.

This Motion is timely as TCA files it on February 27, 2023, 14 days after the Court entered its Order on February 13, 2023.

Central to the Court's determination that Section 31490's $2,500 per violation award constitutes a penalty, not damages, under California law is that Section 31490 mandates a claimant be awarded "whichever is greater" between actual damages or $2,500. Thus, the Court finds that Section 31490 grants a claimant "more than what is necessary to make one whole," thereby making the $2,500 per violation award a penalty. (Dkt. No. 259 at 11-12.)

However, the *Limon* court reached the opposite conclusion addressing statutory language in the Fair Credit Reporting Act which is almost identical to that of Section 31490. The following table compares the respective statutory terms:

/ / /

| *Limon v. Circle K Stores Inc.*: 15 U.S.C. § 1681n(a) (emphasis added) | California Streets and Highway Code § 31490(1) (emphasis added) |
|---|---|
| "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-- (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, *whichever is greater* . . . ." | "In addition to any other remedies provided by law, a person whose personally identifiable information has been knowingly sold or otherwise provided in violation of this section may bring an action to recover either actual damages or two thousand five hundred dollars ($2,500) for each individual violation, *whichever is greater*, and may also recover reasonable costs and attorney's fees." |

The *Limon* court held that section 1681n(a)'s actual damages or fixed per violation remedies were both unambiguously "damages." *Limon*, *supra*, 84 Cal. App. 5th at 700-03. Indeed, *Limon* held that because section 1681n(a) grants a successful claimant recovery of either actual damages or a fixed per violation amount, the "'actual or statutory damages in subsection (a)(1) [of section 1681n] . . . are [both] in the nature of compensatory damages' . . . intended to compensate a plaintiff for injury . . . . where damages are 'difficult or impossible to quantify or prove.'" *Id*. at 703 (citations omitted). The *Limon* court did not find the "whichever is greater" language indicated a legislative intent to impose a penalty.

Because the language of the two statutes is nearly identical, TCA asks the Court to reconsider its Order. *Limon* strongly supports TCA's argument that section 31490(q)'s "actual damages or two thousand five hundred dollars ($2,500) for each individual violation, whichever is greater" language means that both the "actual damages" and $2,500 per violation remedies are damages, not penalties. As a published decision of the California Court of Appeal, *Limon* is persuasive authority as to how California courts would construe the nearly identical language of Section 31490. *See*, *e.g.*, *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) ("A federal court applying California law must apply the law as it believes the California Supreme Court would apply it. [Citation.] In the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids. [Citations.].) (citing *Astaire v. Best Film & Video Corp.*, 116 F.3d 1297, 1300 (9th Cir.), *amended by* 136 F.3d 1208 (9th Cir. 1997); *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1045-46 (9th Cir. 2001)).

Indeed, just like the alternative remedies provided by the Fair Credit Reporting Act, the fact that Section 31490 provides for actual damages "or" $2,500 means that the $2,500 per violation remedy is still a remedy for damages, meant to compensate plaintiffs for the harm caused by wrongful PII disclosures, harm which the Legislature understood would often be difficult for a plaintiff to quantify or prove. And just like the statute in *Limon*, the fact that Section 31490 entitles a claimant to receive "whichever is greater" between actual damages or statutory damages does not alter this analysis. Notably, other California courts (whose reasoning this Court has followed) have interpreted statutory language similar to Section 31490 (*i.e.*, permitting "statutory damage" awards of the "greater" of actual damages or set statutory amounts) to provide for awards of "damages," without finding those statutes to impose "penalties." *See*, *e.g.*, *Miller v. Collectors Universe,*

*Inc.*, 159 Cal. App. 4th 988, 991 (2008) (interpreting Cal. Civ. Code, § 3344(a), which states "in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages"); *Del Amo v. Baccash*, No. CV 07-663-PSG, 2008 WL 4414514, *6 (C.D. Cal. Sept. 16, 2008) (Gutierrez, J.) (following *Miller* and addressing Cal. Civ. Code, § 3344(a) award of "greater" of actual damages or $750 statutory minimum as an award of "damages"); *see*, *also*, *Kaufman v. ACS Systems, Inc.*, 110 Cal. App. 4th 886, 922 (2003) (holding that Telephone Consumer Protection Act's allowance of actual damages or $500, whichever was greater, as well as treble damages, was not an excessive "penalty" for purposes of due process); *J2 Global Communications, Inc. v. Protus IP Solutions*, No. CV 06-00566 DDP (AJWx), 2008 WL 11335051, *8 (C.D. Cal. Jan. 14, 2008) (same). This Court's finding with regard to Section 31490's "whichever is greater" language is contrary to California law.

Ultimately, TCA had no reason to cite *Limon* previously as none of the parties raised the "whichever is greater" argument in their filings. (*See* Dkts. No. 126, 159, 160, 176, 182, 196, 217, 221.) Moreover, *Limon* was not decided and final until after the parties' motions had been fully briefed.

Because TCA did not have a fair opportunity to bring *Limon* to the Court's attention or otherwise make any arguments regarding the "whichever is greater" language before the Court entered its Order, TCA respectfully asks the Court to reconsider its Order in light *Limon*.

/ / /

/ / /

/ / /

## IV. CONCLUSION.

TCA respectfully requests that the Court reconsider its February 13, 2023 Order granting partial summary judgment to Associated and Allied World and denying as moot TCA's Motions to Dismiss.

DATED: February 27, 2023

NOSSAMAN, LLP

By: */s/ Carl L. Blumenstein*
CARL L. BLUMENSTEIN, ESQ.
AALIA T. MENES, ESQ.

DATED: February 27, 2023

RUTAN & TUCKER, LLP

By: */s/ Gerard M. Mooney*
LISA N. NEAL, ESQ.
GERARD M. MOONEY, ESQ.

Attorneys for Defendants, Third-Party Plaintiffs, Counter-Plaintiffs and Counter Defendants FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY

**DECLARATION OF GERARD M. MOONEY**

I, Gerard M. Mooney, declare as follows:

1. I am an attorney at the law firm of Rutan & Tucker, LLP, counsel of record for defendants, third-party plaintiffs, counter-plaintiffs and counter-defendants Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency (collectively, "TCA") in this action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I make this Declaration in support of TCA's Motion for Reconsideration. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 20, 2023, I spoke by telephone with Randall Berdan of Nicolaides, Fink, Thorpe, Michaelides, Sullivan, LLP, counsel for third-party defendant and counter-claimant Allied World National Assurance Company ("Allied World"). I explained the basis for this Motion in order to meet and confer with Mr. Berdan pursuant to Local Rule 7-3. Mr. Berdan told me that he expected Allied World would oppose the Motion but that he would speak with his client further. I have not heard further from Mr. Berdan or his colleagues on the matter.

3. I exchanged e-mails with Joshua Zlotlow of Herold & Sager, counsel for plaintiff and counter-defendant Associated Industries Insurance Company ("Associated"), on February 21, 2023 through February 22, 2023 after attempting to reach Mr. Zlotlow to speak by phone on February 20, 2023 for purposes of Local Rule 7-3. In his e-mails, Mr. Zlotlow advised me that Associated did not believe TCA provided a reasonable basis for reconsideration and stated that Associated would oppose this Motion.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Gerard M. Mooney*

Gerard M. Mooney

Rutan & Tucker, LLP
*attorneys at law*

2998/037475-0001
18840705.3 a02/27/23

-10-

Case No. 8:18-cv-01776
DEFENDANTS' MOTION FOR RECONSIDERATION