NOSSAMAN LLP  JS-6
CARL L. BLUMENSTEIN (SBN 124158)
cblumenstein@nossaman.com
BENJAMIN Z. RUBIN (SBN 249630)
brubin@nossaman.com
AALIA TAUFIQ (SBN 317787)
ataufiq@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:  415.398.2438

RUTAN & TUCKER, LLP
LISA N. NEAL (SBN 205465)
lneal@rutan.com
GERARD M. MOONEY (SBN 222137)
gmooney@rutan.com
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714.641.5100
Facsimile:  714.546.9035

Attorneys for Defendants, Third-Party Plaintiffs,
Counter-Plaintiffs and Counter-Defendants
FOOTHILL/EASTERN TRANSPORTATION
CORRIDOR AGENCY and SAN JOAQUIN HILLS
TRANSPORTATION CORRIDOR AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY,<br><br>            Defendants. | Case No:  8:18-CV-01776 PSG (JDE)<br><br>**JUDGMENT AS TO THIRD-PARTY DEFENDANT AND COUNTER-PLAINTIFF ALLIED WORLD NATIONAL ASSURANCE COMPANY**<br><br>Action Filed: September 28, 2018 |

| | |
|---|---|
| 1 | FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS, TRANSPORTATION CORRIDOR AGENCY |
| 2 | |
| 3 | |
| 4 | Counter-Plaintiffs, |
| 5 | v. |
| 6 | ASSOCIATED INDUSTRIES INSURANCE COMPANY |
| 7 | Counter-Defendant. |
| 8 | FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY, |
| 9 | |
| 10 | |
| 11 | Third-Party Plaintiffs, |
| 12 | v. |
| 13 | ALLIED WORLD NATIONAL ASSURANCE COMPANY, |
| 14 | |
| 15 | Third-Party Defendant. |
| 16 | ALLIED WORLD NATIONAL ASSURANCE COMPANY, |
| 17 | Counter-Plaintiff, |
| 18 | v. |
| 19 | FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY and SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY, |
| 20 | |
| 21 | |
| 22 | Counter-Defendants. |

On February 13, 2023, the Court entered its "Order Granting [Partial] Summary Judgment to Associated, Granting [Partial] Summary Judgment to Allied World and Denying as Moot the TCA Defendants' Motions to Dismiss" (Dkt. No. 259) ("the February 13 Order").

Pursuant to the February 13 Order, the Court granted third-party defendant and counter-plaintiff Allied World National Assurance Company ("Allied World") summary judgment as to the Third Claim for Relief for declaratory judgment of no duty to indemnify in Allied World's "Answer to Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency's Third-Party Complaint and *Amended* Counterclaim" (Dkt. No. 192 [emphasis in original]) ("Amended Counterclaim").  In addition, the Court denied defendants, counter-plaintiffs, third-party plaintiffs, and counter-defendants Foothill/Eastern Transportation Corridor Agency and San Joaquin Hills Transportation Corridor Agency's (collectively, "TCA") "Notice of Motion and Partial Motion to Dismiss Allied World National Assurance Company's Counterclaim" (Dkt. No. 196) (the "Motion to Dismiss"), and declined jurisdiction over Allied World's remaining First, Second, and Fourth through Sixth Claims for Relief in its Amended Counterclaim, each of which were dismissed, in light of its February 13 Order granting Allied World summary judgment as to its Third Claim for Relief.

Following the February 13 Order, the claims for relief remaining between TCA and Allied World were (1) TCA's First Claim for Relief in its Third Party Complaint (Dkt. No. 122) (the "TPC") for declaratory relief regarding Allied World's duty to defend; (2) TCA's Second Claim for Relief in its TPC for Allied World's breach of the duty to defend; (3) TCA's Fifth Claim for Relief in its TPC for breach of the implied covenant of good faith and fair dealing; and (4) Allied World's Seventh Claim for Relief for reimbursement (the "Remaining Claims"). The Court did not formally dismiss TCA's Third Claim for Relief for declaratory

relief regarding Allied World's duty to indemnify or Fourth Claim for Relief for breach of the duty to indemnify.

Allied World, on the one hand, and TCA, on the other hand, entered into a settlement agreement fully and finally resolving the Remaining Claims between them, as well as any claim by TCA for breach of the implied covenant of good faith and fair dealing with regard to Allied World's duty to indemnify TCA in connection with the action entitled *Borsuk, et al. v. Foothill/Eastern Transportation Corridor Agency*, *et al.*, Case No. 8:16-cv-00262 ODW (JCGx) (C.D. Cal. 2016) (the "*Borsuk* Action").

Allied World, on the one hand, and TCA, on the other hand, further agreed that TCA has the right to appeal the February 13 Order with regard to the Court's entry of summary judgment on Allied World's Third Claim for Relief for declaratory judgment of no duty to indemnify, and the parties' settlement did not resolve that claim for relief, or TCA's affirmative claims for relief pertaining to Allied World's duty to indemnify TCA in connection with the *Borsuk* Action (other than TCA's Fifth Claim for Relief in its TPC for breach of the implied covenant of good faith and fair dealing insofar as it addresses Allied World's duty to indemnify TCA in connection with the *Borsuk* Action).  As such, the parties agree that the entry of Judgment does not prejudice, waive rights relating to, or in any way affect any party's right to appeal the February 13 Order referenced above with regard to the Court's entry of summary judgment for Allied World on its Third Claim for Relief for declaratory judgment of no duty to indemnify.

Pursuant to their settlement, Allied World, on the one hand, and TCA, on the other hand, entered into a stipulation dated January 9, 2024, dismissing the Remaining Claims, with prejudice.  In addition, Allied World and TCA agree that the Court's February 13 Order constitutes an adjudication of TCA's Third Claim for Relief for declaratory relief regarding Allied World's duty to indemnify and Fourth Claim for Relief for breach of the duty to indemnify, in favor of Allied

1  World.  As a result, following the February 13 Order and the parties' stipulation of
2  dismissal, all claims for relief remaining between Allied World and TCA have
3  been adjudicated or dismissed.
4        Based upon the foregoing ruling and stipulation, and good cause appearing
5  therefor,
6        **IT IS HEREBY ADJUDICATED, ORDERED, AND DECREED** that:
7        1.    Judgment should be entered in favor of third-party defendant and
8  counter-plaintiff Allied World National Assurance Company ("Allied World") and
9  against defendants, counter-plaintiffs, third-party plaintiffs, and third-party
10  counter-defendants Foothill/Eastern Transportation Corridor Agency and San
11  Joaquin Hills Transportation Corridor Agency (collectively, "TCA") on Allied
12  World's Third Claim for Relief for declaratory judgment of no duty to indemnify
13  in Allied World's "Answer to Foothill/Eastern Transportation Corridor Agency
14  and San Joaquin Hills Transportation Corridor Agency's Third-Party Complaint
15  and *Amended* Counterclaim" (Dkt. No. 192 [emphasis in original]), and TCA's
16  Third Claim for Relief for declaratory relief regarding Allied World's duty to
17  indemnify and Fourth Claim for Relief for breach of the duty to indemnify in
18  TCA's Third Party Complaint (Dkt. No. 122), in accordance with the February 13,
19  2023 Order referenced above.
20        2.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules
21  of Civil Procedure, that this Final Judgment should be entered and further finds
22  that there is no just reason for delay in the entry of this Judgment, as a Final
23  Judgment, as to the above-identified parties.  Accordingly, the Clerk is hereby
24  directed to enter Judgment forthwith.
25        3.    The entry of Judgment does not prejudice, waive rights relating to, or
26  in any way affect any party's right to appeal the February 13, 2023 Order
27  referenced above with regard to the Court's entry of summary judgment on Allied
28  World's Third Claim for Relief for declaratory judgment of no duty to indemnify

1  or of TCA's Third Claim for Relief for declaratory relief regarding Allied World's
2  duty to indemnify and Fourth Claim for Relief for breach of the duty to indemnify.
3         4.     Each of the above-identified parties will bear its own attorneys' fees
4  and costs incurred to date.

Dated: January 11, 2024        _____
                               Honorable Philip S. Gutierrez
                               United States District Court